UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FELIX LONG, | Case No. 2:13-cv-00699-MMD-GWF |
| Plaintiff, | ORDER |
| v. | |
| DWIGHT NEVEN, et al., | |
| Defendants. | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections.  On May 13, 2013, the Court filed a screening order.  (Dkt. no. 4.) On May 22, 2013, plaintiff filed a motion for reconsideration of that order pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Dkt. no. 8.)   Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously

unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.  *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, this Court properly entered an order dismissing plaintiff's claims for damages against defendants in their official capacities.  The Court allowed plaintiff's individual liability claims for damages against defendants to proceed. (Dkt. no. 4.) In his motion to vacate judgment, petitioner has not identified any mistake, intervening change in controlling law, or other factor that would require altering the Court's screening order.  Petitioner has not shown that manifest injustice resulted from dismissal of the official capacity claims for damages.  Petitioner also has not presented newly discovered or previously unavailable evidence.  Petitioner has failed to make an adequate showing under either Rule 59(e) to justify granting his motion for reconsideration.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (dkt. no. 8) is DENIED.

IT IS FURTHER ORDERED that no further motions shall be filed by the parties during the 90-day mediation stay, pursuant to the Court's order of May 13, 2013.

DATED THIS 18th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE